# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darnell Malloy,

                   Plaintiff,     Case No. 23 -10837

v.                         Judith E. Levy
                              United States District Judge

Fulara,

                   Defendant.

_____/

# OPINION AND ORDER SUMMARILY DISMISSING IN PART THE CIVIL RIGHTS COMPLAINT AND GRANTING PLAINTIFF ADDITIONAL TIME TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff Darnell Malloy's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act. Plaintiff is a state prisoner incarcerated at the Cotton Correctional Facility in Jackson, Michigan. The Court has reviewed the complaint and now dismisses it in part. The Court also grants Plaintiff sixty days from the date of this order to file an amended complaint as set forth below.

## I.   Standard of Review

The Court permitted Plaintiff to proceed without prepayment of fees. (ECF No. 5.) *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>> (B) the action or appeal:
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at
570). "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550
U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights
plaintiff must establish that: (1) the defendant acted under color of state
law; and (2) the offending conduct deprived the plaintiff of rights secured
by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing
*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a
showing on any essential element of a § 1983 claim, it must fail." *Redding
v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II.  Complaint

Plaintiff alleges that he was taking classes of an unspecified nature
at the prison where he is incarcerated. Defendant was his teacher.
Plaintiff alleges he suffers from an unspecified learning disability.
Plaintiff alleges that Defendant verbally harassed and humiliated him
by stating: "You people with disabilities think you are special." Plaintiff

states Defendant made other derogatory comments against him and that Defendant terminated him from the class. Plaintiff seeks monetary damages.

## III.   Discussion

### A. The denial of education claim.

A prisoner has no constitutional right to rehabilitation, education, or employment. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *Ziegler v. McGinnis*, 32 F. App'x 697, 699 (6th Cir. 2002); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001). Plaintiff's termination from his class does not state a claim for relief under § 1983.

Plaintiff, however, may have a potential claim under the Fourteenth Amendment's Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. Plaintiff's allegation that Defendant terminated him from his class because of his learning disability may state a claim for relief. However, to do so, Plaintiff must adequately plead that he was

4

removed from the classes by Defendant because he suffers from a learning disability, while similarly situated non-disabled inmates were not removed from the classes. *See e.g. Lackey v. Tennessee Corr. Inst.*, No. 3:15-CV-00843, 2016 WL 891393, at * 4–5 (M.D. Tenn. Mar. 9, 2016).

### B. The Americans With Disabilities Act claim.

Plaintiff also argues that Defendant violated his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12112 and 12132.

Title II of the ADA provides, in relevant part, that: "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Act further provides that "[t]he term 'public entity' means— (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1).

Prisoners do not have a private right of action against public employees in their individual capacities for money damages under the ADA. *See Everson v. Leis,* 556 F. 3d 484, 501, n.7 (6th Cir. 2009). However, Plaintiff sues Defendant in both their official and individual capacities. The official capacity claim only may proceed. "The proper defendant under a Title II claim is the public entity or an official acting in his official capacity." *Id.* (citing *Carten v. Kent State Univ.,* 282 F.3d 391, 396–97 (6th Cir. 2002)).

### C. The verbal harassment claim.

Plaintiff's claim that Defendant verbally abused him is not actionable under § 1983. Allegations of verbal abuse and harassment by a prison official towards an inmate do not constitute cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and are therefore insufficient to state a claim under 42 U.S.C. § 1983. *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corr.,* 746 F. Supp. 662, 667 (E.D. Mich. 1990). A verbal threat is actionable under § 1983 only if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See Guzinski v. Hasselbach,* 920 F. Supp. 762, 764, n.1 (E.D. Mich. 1996)

(internal citation omitted). Plaintiff makes no such allegation here. Plaintiff's verbal harassment claim is dismissed without prejudice to Plaintiff alleging facts in an amended complaint that Defendant's verbal abuse caused physical harm or amounted to a pattern of wanton abuse.

### D. Plaintiff is granted additional time to file an amended complaint.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend their complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. *See LaFountain v. Harry*, 716 F. 3d 944, 951 (6th Cir. 2013).

Accordingly, the Court grants Plaintiff sixty days from the date of this Order to file an amended complaint. The amendment, if Plaintiff chooses to file it, must allege sufficient facts to state a claim for relief regarding the claims that have been dismissed and any additional claims, as appropriate.

## IV.   Order

The complaint is dismissed in part for failing to state a claim upon which relief can be granted. The dismissal of these claims is without prejudice to Plaintiff filing an amended complaint within sixty days of this Order which pleads sufficient facts that would state a claim for relief.

Regardless of whether Plaintiff chooses to amend, the case will proceed with respect to the Americans With Disabilities Act claim. If Plaintiff files an amended complaint which sufficiently alleges facts to state a claim for relief, or the time period for filing an amended complaint expires, the case will be referred to the Prisoner Mediation Program.

IT IS SO ORDERED.

Dated: June 27, 2023  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2023.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager